Will you call the first case please? 3-11-0479 Gold-Fahrenbacher Appellant Heath Uppenkamp v. Mercer County Illinois et al. Appellee James Zuniga Mr. Uppenkamp May it please the court, counsel Your Honors, my name is Heath Uppenkamp. I represent the appellant, Mr. Fahrenbacher. In this matter, Mr. Fahrenbacher only presents two issues for review, and I believe they're pretty narrow issues. The first issue is whether or not the notice of hearing sent to Mr. Fahrenbacher prior to the pre-disciplinary hearing was the statutorily required petition for removal. This court should hold that it was not. And the second issue is whether or not Mr. Fahrenbacher waived the argument that the County Board never filed the required petition. This court should find that Mr. Fahrenbacher did not waive that argument. The statute at issue here is 605-ILCS-55203, and it specifically states, In any proceeding to remove a county engineer or a superintendent of highways from office, a petition shall be filed with the County Board naming such individual as the respondent and setting forth the particular facts upon which request for removal is based. The statute goes on to say that the County Board shall then set the matter for hearing, and shall thereupon proceed to a determination of the charges, and shall enter an order either dismissing the charge against him or removing him from office. The facts of the case are very simple. On January 21, 2010, Mr. Fahrenbacher did become employed by Mercer County as their county engineer. On June 11, 2010, he was served with a document entitled, Mercer County Pre-disciplinary Hearing Notice. That document set forth certain charges against Mr. Fahrenbacher and stated that he could be present on June 25, 2010 to provide his side of the story regarding the allegations. Let me ask you something. If that document that he served him with had said petition at the top instead of Mercer County Pre-disciplinary Hearing Notice, would that change anything? It would change something. Had it said petition, maybe it would have guided Mr. Fahrenbacher and the council to the fact that they were trying to comply with the statute. But it still wouldn't have been a petition. As lawyers and judges, we all know what a petition is. It is something that has a prayer for relief. Excuse me. Black's Law Dictionary defines a petition as having a prayer for relief. In this case, it did not have a prayer for relief. It said we might carry it, didn't it? It said any form of discipline is available up to including removal. That's a very important distinction in this case. It didn't say, as a petition for removal would say, we hereby or whoever files it hereby prays that the county board will remove you from office. There's a very fine distinction there. And I think there's two points that must be raised. First, I don't know that anybody really believes it was a petition. The statute requires it to be filed with the county board. Nothing was filed with the county board. And it doesn't take the form of a petition at all. But I understand what the defendants are going to say here, which is, OK, he's still got his hearing. Well, he got a pre-disciplinary hearing where any form of discipline is available. It's logical that one may treat a pre-disciplinary hearing, where you could be suspended, where you could be put on probation, differently than a statutorily required removal hearing. Or it says you could be fired, right? It does say that. But if you're aware of the statute, you would treat those things differently. If you know what the removal statute is, and you know that a removal hearing is required, and then you go to a hearing that you know is not a removal hearing, because at a removal hearing the statute specifically says only two things can happen, charges dismissed or removed. This wasn't that. This was a fact-finding hearing where they're going to determine this three-person committee is going to go back to the board and recommend some form of discipline. One could easily reason, and in this case did reason, that if that three-person committee went back to the board and recommended the harshest possible remedy, which is termination, that the board would know, all right, now we've got to follow the statutory procedures. We have to file the removal petition, which presumably would put more detail into the facts that were set forth. I mean, there were four charges against him in that pre-disciplinary notice hearing, but there's no real background facts on that. And so it is a critical distinction that at that hearing several forms of discipline were available, no discipline, probation, whatever it may be. I think that's a critical distinction in this case as to why one might treat a removal hearing differently from what actually happened there. Had Mr. Fehrenbacher known that it was a true removal hearing, he would have presented, undoubtedly, all possible evidence available to him. He would have brought witnesses. He would have spent much more time and energy on evidence. At a pre-disciplinary hearing where you could be suspended or put on probation, you're not necessarily going to do all that. You're not going to round up all the people, make them come all the way up here that you may know, that may be in different states now, county engineers that have had interactions with these employees before. You're not going to go through all those hoops when you know down the road if they're going to terminate me, they have to file the statutorily required petition. And either you've got to follow the law or you don't. The law is they have to file a petition. They didn't file a petition. What specific evidence would he have presented had he known this had this been a petition? I have not covered, Your Honor, fully all of the evidence with him that we would present if down the road there is a petition for removal. However, this county board has in fact terminated a previous county engineer who has had interactions with the employees who made allegations against him. Which county engineer also would say that those allegations and these employees were false, and I think that cumulative evidence would have a certain effect on the board. I think there are other pieces of evidence that he would present, but just for example, I think that's one thing where the previous county engineer would come in and have testimony that would be important. No, that's in the record, what you're talking about now. That's correct. Just to respond to the question. That's right. I think for the same reason that I just discussed, the critical distinction between a removal hearing and a pre-disciplinary hearing, as this was called, the issue of waiver would fall in favor of my client here. If you're at a pre-disciplinary hearing and you know a removal hearing would be required in the future, you don't raise the fact that a petition wasn't filed. If Mr. Fehrenbacher had received a notice of hearing that said, please show up at this hearing on June 25th, evidence will be presented. After the evidence, the board will vote you will be terminated or not terminated. Then maybe he shows up and says, all right, I'm either going to be terminated or not. While they haven't filed a petition, it's a removal hearing. Isn't, in essence, that what this notice said? It's not, Your Honor. It says there will be a hearing and you can be subject to discipline up to termination, which means either you'll be terminated or you won't. No, Your Honor, I would disagree with that. I think, again, there's a giant distinction between all forms of discipline being available, such as suspension and probation and those type of things, as opposed to you will be removed or you don't. That triggers in your head this statute. If you're the county engineer and you're aware of the laws related to county engineers, you know I'm at a removal hearing. In this case, you think I'm going to a fact-finding hearing. They're going to recommend some form of discipline. That's a critical distinction. The distinction is, all right, I need to spend all of my resources. This is a critical job to me. I need to spend all of my resources. If you suspended for a year, let's say, do you think that would make a substantial difference about how you gather your resources or make a defense for yourself? As opposed to permanently. Right, Your Honor. If he were suspended a year without pay, I'm not sure legally what my remedies would be. I haven't researched that specific issue. I know that they wouldn't have had to file a petition to do that. I shouldn't say I know that. This statute requires a petition if you're going to remove him. If you were going to suspend him, I don't know what you're required to do. I don't exactly know a one-year suspension. I was talking about his raising a defense to this. Right. You said, you know, kind of rating the punishments, you know, he might prepare very little for censure and a lot more for termination. You know, where do you draw that line, I guess, of how much he's going to prepare? It is a good point, Your Honor. I suppose when he came to me, I didn't think the possibility of a one-year suspension seems quite excessive to me.  About six months. Right. Sure. And I suppose I don't know where that line would be drawn. I simply know what the statute says. The statute requires if you're going to remove him, you have to file a petition. And a petition wasn't filed. I guess that's the bottom line. They either have to follow the law or they don't have to follow the law. To say that that pre-disciplinary notice of hearing, a notice of hearing is a petition for removal. It's simply not a petition for removal. We know what a petition is. So when they told him he was fired, did you say, did you just tell him, write him back and say, no, you can't do that, you didn't file a petition? Well, within 30 days, we filed the complaint for administrative review. So we let them know. I mean, that's the form of letting them know, hey, you did this wrong. And one would think, all right, maybe we did do this wrong. We didn't file the petition. I think they know that they didn't file the petition. I think it's important to note that in their response to the complaint for administrative review, the real response was, hey, we didn't have to file one because you were a county engineer, not a county superintendent of highways. That was their response. And then we pointed out the statute or they saw the statute and said, whoa, uh-oh, that's not a good argument, because county superintendent of highway means county engineer. Let's now argue that the notice of hearing was a petition. That strains credulity there as far as whether a petition and a notice of hearing are the same thing or not the same thing. I'm sorry, I got off track a little bit as to your question there. OK. OK. But yes, I guess my bottom line point was that the notice of hearing just simply isn't a petition. If you're going to file a petition, file a petition. We do need to make them follow the law in this case. With that, my argument is concluded unless the court has further questions. Nope. OK. Thank you, Mr. Uppencamp. You'll have an opportunity for rebuttal should you choose. Mr. Zamuda. Good morning. May it please the court, counsel. My name is Jim Zamuda, and I represent the affilies in this case. What are some of the things the removal statute does not tell us? What form must the petition take? The statute prescribes no form. Who files the petition with the county board? The statute does not say. What are some of the things the removal statute does tell us? The statute says the petition shall name the officer as the respondent, but the statute does not allow the officer to respond in writing to the petition. The notice that was given to this person included the result may be disciplinary action. What kind of disciplinary action is possible under that notice? Anything from no discipline whatsoever to removal from office, anything in between. So if it's no discipline whatsoever and anything in between, how does that fit into the statutory language of 5203? When 5203, and I'm just looking at the language of the statute, says that you proceed to the termination of the charges and shall enter an order either dismissing the charge or removing the person from office, how does the in-between discipline fit into that statute? I think the statute is silent as to that point. Here, no wait a minute, is the statute silent to that point when it says that petitions be filed with an, you know, there's no magic in what you call it, a petition, a complaint, whatever, that setting forth particular facts for the request for removal. Is there discipline less than removal in that statute? Is there anything close to in-between in the statute? No, the statute only talks about removal or dismissal of the charge. I agree with that, yes. I mean, that's it, so how do you fit the in-between into that statute? Well, our position is that if removal from office is an option, that is a removal hearing. I know that's your position, but I'm looking at the statute the way it was written, not the way maybe it should have been written or maybe more guidance given to parties and so forth. But the statute says that you file a petition or whatever you want to call it and you tell the person that you're seeking removal from their office. That's what you tell the person? Yes. You didn't tell the person that in this case. Not in those exact words. Not even close to that. You said that you could get in something, you're going to have a fact-finding hearing and make a determination that your advised charges you've engaged in, and after extensive briefing and so forth, I'm trying to find the exact language here, you're directed to attend the pre-disciplinary hearing. Yes. That's what they were told. During the hearing, you advise of the charges, including but not limited to, then you list the charges, and then it says, if the employer believes the evidence against you to be true, the result may be disciplinary action up to and including discharge. Yes. That's what this person was told? Yes. Now, does that give them notice that they're in the middle of a removal hearing? Well, again, our contention is that if removal or discharge, which I think are the equivalents, is an option, then that is a removal hearing. That is our position. And you're stuck with that position because of the notice you gave the person? Yes. That is our position. So if something in between happened, then the result of that hearing is not, call it what you want after the fact, it's not a removal hearing. It was a disciplinary hearing that led to something. So it's possible the notice could lead to a removal hearing or something in between under your view. If they had elected to suspend the person for a month, that would have been a removal hearing under your notice. He's lucky and he found out he was just disciplined. Well, and the issue that I have with this conceptually is really it's a labeling or a name-calling exercise in my view. I understand it's an important matter. But, again, our position is any time a person is charged with a notice that they can be removed from office, then that is a removal hearing. Well, part of it is the notice itself. Yes. To know what you're going into a hearing for. Yes. I mean, is it for removal? Is it for discipline? Is it for fact-finding? What is it? For whatever reason, the legislature set out a statute saying, for removal from office, this is what should be done. And you either remove the person or you don't. That's the charge in the statute. Is there anything in the statute that has this in-between language? There isn't. And I guess, and I understand the court's question, but the way we view this is the statute says there can be only two results of a removal hearing. Right. Okay. And what our notice says is that the results could be either no discipline, which would be essentially an order dismissing the petition for removal, or discharge, which would be equivalent of removal, or something in-between. So if it was something in-between at the end of this predisciplinary hearing, and that's what the notice that you gave said, what would that be? What kind of petition or complainer thing would that be? Who would you call that? If the determination was in-between. If the determination had been something in-between, then I think the board would have issued some sort of a writing, most likely a letter, saying that we decided to discipline you by suspending you for some stated period of time, for example. If they had done that with that notice of removal hearing? Well. Because it wasn't dismissing the charge then, was it? Correct. But I guess the question is, what is the difference between a hearing in the case of a disciplinary hearing, and what is the difference between a hearing in the case of a potential removal from office? And our position is there's no difference. The fact that the result could be something in the middle is really of a benefit to the county engineer. Well, the reason I'm asking the question is, there's no doubt if it was in the middle, it's not removing the person from office and so forth. I suppose you can view that as a benefit. But the question is, what was this person notified that they were supposed to face when they showed up at this hearing? Because they were told that it was a predisciplinary hearing. Yes. Predisciplinary hearing. Yes. And they advised of charges, and then they said the result can be disciplinary action up until it, including discharge. Yes. And at the outset of the hearing, the hearing officer, Mr. McHugh, who was the state's attorney for Mercer County, went through the procedural steps that would be taken, including the hearing of the evidence by the Mercer County Personnel Committee, the report of the Mercer County Personnel Committee to the county board, and then he stated a decision would be made by the board as to what the result would be, including no discipline whatsoever, discharge from office, or something in between. So what that tells me is that the term predisciplinary simply means that this is a hearing to determine what, if any discipline, including removal from office or discharge, is appropriate as determined by the county board. Well, again, the question is the notice this person got. Yes. And what they were supposed to face, and what they were supposed to prepare for. You know, the statute doesn't give a lot of guidance. Correct. And the statute is what it is. I mean, we can't rewrite the statute. It says what it says. Now, if the notice had not said anything about discharge, then I would agree with Mr. Upenkamp that that would have been a different matter. How do you fit discipline into the statute? I'm sorry? How do you fit discipline, that you could be disciplined, into the statutory procedure for the removal of a county? How do you fit that into that statute? I agree that discipline less than removal from office is not a remedy contemplated by the statute. I agree fully with that. So that section of the notice that this person was given doesn't fit the statutory language at all about the discipline, does it? Not in the sense that the middle ground is stated. But it does in the sense that one option, which is contemplated by the statute, is dismissal of the charge. Another option contemplated by the notice is removal from office, which is, of course, contemplated by the statute. Why not just do it right under the statute? Why not? Because, again, I think before the evidence is heard by the board, they're not sure what the appropriate response or remedy should be. And I guess the way the notice is situated, that simply leaves all the options open. Again, I view that as a benefit to the officer holding the office as opposed to having to do it. Well, let me ask a question. It says pre-disciplinary hearing, right? Well, under ordinary principles of fundamental fairness and due process, aren't all hearings pre-disciplined? Even if you don't discipline and then have a hearing, do you have a post-discipline hearing? So, I mean, the language pre-discipline hearing, we'd hope that all hearings are pre-disciplined, wouldn't we? I agree. Now, in some contexts, I believe there are post-disciplinary hearings, but not in this context. I agree. Yes. Well, and removal, you know, in the statute, when it talks about a petition for removal, it would appear that a county board wouldn't be filing one of those actions unless they intended to remove the person. And then after the hearing, maybe they'd say, well, we miscalculated or something. Or, you know, the people who filed the petition that we miscalculated, we didn't have enough to remove the person. But the notice doesn't say we're seeking not to discipline you at all, does it? It does not say that. Correct, correct. And, you know, the court is correct. You know, the Mercer County Board was the party, if you will, seeking to take potential action against Mr. Fehrenbacher and the situation, and to say that the board files a piece of paper with itself is a bit of a fiction, if you will. And I think what's more important here, or the focus that the circuit court had at least, was Mr. Fehrenbacher had the opportunity, if there was some confusion, Mr. McHugh, as the hearing officer, asked all the parties if they had any questions about the procedure of the hearing. Mr. Fehrenbacher at that time could have simply stood up and said, is this a hearing to remove me from office? That question was not asked. Let me ask you a question. Is there any difference between the way some counties have superintendents and high ones, right? Yes. And other counties have county engineers. Yes. Any difference in the way those two are selected? I believe it depends, Your Honor, on the size of the county, the population of the county. I myself don't know the difference between the two terms, as I understand the two functions of the two offices. They're essentially the same. And, again, my understanding is the only difference is the number of people who are residents of that particular county. Okay. But how is a county engineer selected? There are two hires. I believe the county board. How about superintendent of high? That person may be an elected official. I don't know. I apologize. I don't know the answer to that. Counsel has two minutes. Thank you. But the statute that's in question here covers both those titles, doesn't it? I don't think there's a serious issue. There's no issue about that at all. Correct. Yes. Unless there are any further questions, I will conclude with that. Thank you. Thank you. Mr. Uppenkamp, any rebuttal? Thank you, Judge. Just one point on rebuttal. I believe the county board makes a point here to say, well, the statute doesn't really tell us what form a petition should take or who should file it. That's not an argument that they raised before the circuit court. It's not been raised before here. But I would point out they have terminated a county engineer in the past, and it's my understanding in that case a petition was filed. Do you know if there's any difference between the way superintendents of highway are selected and county engineers are selected? I also do not know that, Your Honor, off the top of my head. In this case, they didn't even attempt to comply with the statute. The statute says file with the county board. At least file something with the county board. And I believe in the past a member of the county board filed something, naming the person as a respondent. He gets that. He knows it's a removal hearing. So to say we don't really know what form this petition should have or who files it, I'm not sure that that is a meritorious argument. When you were in front of the county board for the pre-disciplinary hearing, at any time before they made their decision, did you tell them, look, your notice says you might fire my client, but you can't fire him because he didn't file a petition? No, Judge. And, again, the reason for that is we approached that. We knew what a removal hearing was, and that wasn't a removal hearing. If they had sent him a notice of hearing that said you're either going to be removed or not, then we'd have said you can't even have this hearing. You haven't filed a petition yet. And I think the court's point earlier, which was, all right, let's have this fact-finding hearing. If you're going to impose some discipline when you go back to the full county board, all right. The statute, if you want to impose probation or a suspension, okay. The statute says you don't have to do anything. But it's a pre-disciplinary hearing, and so the county board, before filing a petition for removal. Well, even a hearing under, if there had been a petition filed, the hearing would be a pre-disciplinary hearing, would it not? The hearing would be before the discipline. Yes, Judge. But I think it's logical to say, in this case, if they go back to the county board, and it's logical for a county engineer and an attorney who knows the statute to say, if you're going to go back to the county board with the recommendation, and that recommendation is termination, you've got to file the petition. You have to file the petition. That's a very harsh remedy. A man's job's on the line. It's a six-year contract. Maybe if you're going to impose probation, okay, impose probation without filing a petition. The statute doesn't require that. But in this case, it does require it. We need to make them follow the law. And for all those reasons, this court should reverse the decision of the county board terminating Mr. Ferenbacher's employment. Thank you. Okay. If you're done, thank you, Mr. Uppenkamp. Mr. Zamuda, thank you, too. The matter will be taken under advisement. A written disposition will be issued.